IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CAREY<br>　　　　Plaintiff<br>　　v.<br>NATIONAL EVENT SERVICES, INC.<br>　　&<br>PHILADELPHIA EAGLES, LLC<br>　　　　Defendants | :<br>:<br>:　CIVIL ACTION<br>:<br>:　No. 2:14-cv-05006-MMB<br>:<br>: |

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANT, NATIONAL EVENT SERVICES, INC., PURSUANT TO F.R.C.P. 12(b)(1) and 12(b)(6)**

Defendant, National Event Services, Inc., by and through its undersigned counsel, McNichol, Byrne & Matlawski, P.C. file this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and Rule 12(b)(6) and in support thereof avers as follows:

1. Plaintiff filed a First Amended Complaint on or about October 15, 2014, alleging violations of the Fair Labor Standards Act, Pennsylvania Whistleblower Act, Pennsylvania Common Law, and Pennsylvania Wage Payment & Collection Law.

2. For the reasons more fully set forth in the Memorandum of Law, which is attached hereto and incorporated by reference, Plaintiff's First Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure, Rule 12(b)(1) for lack of subject jurisdiction and pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

WHEREFORE, Moving Defendant, National Event Services, Inc., respectfully requests this Honorable Court grant its Motion to Dismiss Plaintiff's First Amended Complaint and

dismiss any and all claims against Moving Defendant, with prejudice.

                                            Respectfully submitted,

                              By    /s/ KSS4036
                                      Kelly S. Sullivan, Esquire
                                      J. Adam Matlawski, Esquire
                                      Attorney for Defendant,
                                      National Event Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CAREY <br>     Plaintiff <br> v. <br> NATIONAL EVENT SERVICES, INC. <br> & <br> PHILADELPHIA EAGLES, LLC <br>     Defendants | : <br> : <br> : CIVIL ACTION <br> : <br> : No. 2:14-cv-05006-MMB <br> : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NATIONAL EVENT SERVICES, INC. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) and 12(b)(6)

Defendant National Event Services, Inc. (hereinafter "NES") submits the within Brief in Support of its Motion to Dismiss Counts I, II, III, IV, & V of Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and Rule 12(b)(6).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, William Carey, is an adult individual whose primary residence is located in Oxford, Chester County, Pennsylvania. Defendant National Event Services, Inc. (hereinafter "NES") is a business entity incorporated in the State of New Hampshire and whose principal place of business is located in Yeadon Borough, Delaware County, Pennsylvania. At all relevant times hereto, Plaintiff Carey was employed as an EMS Manager for Defendant National Event Services, Inc. In March 2014, Plaintiff Carey was terminated from his at-will employment with NES.

On or about August 27, 2014, Plaintiff Carey initiated the instant action through the filing of a federal complaint against NES and Defendant Philadelphia Eagles, LLC. NES was served with the original compliant on September 9, 2014 and thereafter filed a timely Motion to Dismiss pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6). Defendant Philadelphia Eagles also

1

filed a Motion to Dismiss Plaintiff's original complaint pursuant to Rule 12(b)(1) and 12(b)(6). Thereafter, on October 15, 2014, Plaintiff Carey filed a First Amended Complaint against NES, Philadelphia Eagles, LLC and Defendant Eagles Stadium, LLC. In light of Plaintiff's First Amended Complaint, this Honorable Court entered an Order dated October 30, 2014 denying NES' Motion to Dismiss as moot.

Plaintiff's First Amended Complaint purports to set forth five causes of action against Defendant NES arising from Plaintiff's March 2014 termination from employment. Counts I and II of the First Amended Complaint assert claims under the Federal Labor Standards Act in regard to the payment of overtime wages. Counts III-V of the First Amended Complaint set forth Pennsylvania State law claims against NES related to Plaintiff's March 2014 termination. As set forth at length below, Plaintiff was at all relevant times, an exempt employee and thus ineligible for overtime under the Federal Labor Standards Act. Moreover, Defendant NES submits that the Court lacks jurisdiction over Plaintiff's state law claims and as such NES motions for the dismissal of Plaintiff's First Amended Complaint in its entirety with prejudice.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure, Rule 12(b)(1), provides that a party may present the defense of lack of subject matter jurisdiction by motion. Title 28 U.S.C. §1332(a)(1) provides, in relevant part, that District Courts shall have original jurisdiction over all civil actions in which matter in controversy exceeds $75,000 and the civil action is between citizens of different states. 28 U.S.C. §1332(a)(1). Further Title 28 U.S.C. §1332 (c)(1) recognizes that a corporation shall be deemed to be a citizen of every state by which it has been incorporated and by the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

In addition to original jurisdiction, District Courts may exercise supplemental jurisdiction over all claims that are so related to original jurisdiction claims in the matter that they form part of the same case and controversy under Article III of the United States Constitution. 28 U.S.C. §1367(a). It is well established that the exercise of supplemental jurisdiction is discretionary and the District Court may decline to exercise such jurisdiction if the claim (i) raises a novel or complex issue of state law or (ii) the district court has dismissed all claims over which its has original jurisdiction. 28 U.S.C. §1367(c).

Further, Federal Rule of Civil Procedure, Rule 12(b)(6), recognizes that a party may assert the defense of failure to state a claim upon which relief can be granted by motion. When considering a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), this Court must accept as true all well pled allegations contained in the Complaint, and must construe them in the light most favorable to the Plaintiff. This Court may dismiss the claims where it appears, beyond a reasonable doubt, that Plaintiff cannot prove those set of facts in support of a claim which would entitle him to relief. Labove v. Lallui, 809 F.2d 220 (3rd. Cir. 1987).

This Court does not have to accept every allegation in Plaintiff's Complaint as true. "Conclusory allegations of law, unsupported conclusions and unwarranted inference need not be accepted as true." Flannigan v. Shiveley, 783 F.Supp. 926, 927 (M.D. Pa. 1992). It is well settled that in order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief which is plausible on its face." Waiters v. Aviles, et. al., 2011 WL 982990 (3rd Cir. 2011; *citing*; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); *quoting*; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Instantly, Plaintiff fails to allege facts correlating his termination with any Fair Labor Standards Act violations, as well as any violations of the Pennsylvania Whistleblower Law, Pennsylvania Wage Payment &

3

Collection Law, and Pennsylvania common law and as such Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted and should properly be dismissed with prejudice.

## III. ARGUMENT

### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER COUNTS III, IV AND V.

Plaintiff's First Amended Complaint purports to assert five counts against the Moving Defendant, National Event Services, Inc. arising from Plaintiffs' March 2014 termination from employment with National Event Security, Inc. (hereinafter "NES") and alleged retaliation. Counts I and II of the First Amended Complaint assert claims under the Federal Labor Standards Act against Defendant NES and accordingly Plaintiff asserts Counts I and II invoke this Court's original jurisdiction over such federal questions. The remaining three counts against Defendant NES assert violations of Pennsylvania state law and/or common law and as such Plaintiff must establish complete diversity between Plaintiff and all Defendants in order to invoke the Court's jurisdiction over such state law claims. (28 U.S.C. 1332). Alternatively, Plaintiff may request the Court to invoke supplemental jurisdiction over the state law claims. In order to properly invoke the Court's supplemental jurisdiction, Plaintiff must establish that the state law claims arise out of the same case and controversy as the federal question/original jurisdiction claims. 28 U.S.C. §1367.

Defendant NES is a corporation engaged in the business of providing security and medical support staffing to large event venues. As such, NES staffs and maintains a Security division as well as a Medical division. It is undisputed that NES is incorporated in the State of New Hampshire. (Pl. Comp. ¶17). Despite Plaintiff's self-serving and conclusory statement to

4

the contrary, Defendant NES' principal place of business, at all relevant times, has been and remains Yeadon Borough, Delaware County, Pennsylvania. Plaintiff Carey resides in the Commonwealth of Pennsylvania and was at all relevant times hereto employed as the EMS Manager for NES. Moreover, Plaintiff's First Amended Complaint fails entirely to establish the citizenship of any of the Philadelphia Eagles defendants.

Title 28 U.S.C. 1332 vests this Honorable Court with original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and the action is between (1) citizens of different states. 28 U.S.C. §1332 (a)(1). Further Title 28 U.S.C. §1332 establishes that for purposes of citizenship a corporation, such as Defendant NES, shall be deemed to be a citizen of every State by which it has been incorporated **and** of the State where it has its principal place of business. 28 U.S.C. §1332 (c)(1) (emphasis added). Accordingly, NES is a citizen of New Hampshire as well as Pennsylvania and as such Plaintiff (also a Pennsylvania citizen) cannot establish diversity[1] of citizenship.

Unable to assert complete diversity of citizenship in order to invoke the Court's original jurisdiction, Plaintiff alternatively attempts to invoke the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367. Title 28 U.S.C. 1367 provides that the District Court shall exercise supplemental jurisdiction over all claims that are so related to the original jurisdiction claims that they form part of the same Article III case and controversy. 28 U.S.C. §1367(a). The Court's may decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) if the claim raises a novel or complex issue of state law or if the Court has dismissed all original jurisdiction claims. 28 U.S.C. §1367(c)(1)(3). Respectfully there is quite simply no interpretation of Plaintiff's First Amended Complaint that could fairly relate the events of the Eagles playoff

---

[1] Plaintiff's allegations as the citizenship of the Eagles Defendants are minimal, at best, and Defendant NES will defer to the Eagles Defendants Motion regarding the same.

5

game nor NES March 2014 decision to terminate Plaintiff to Plaintiff's Fair Labor Standard Act claims. Moreover and as set forth at length below, Plaintiff's First Amended Complaint should properly be dismissed for failure to state a claim upon which relief may be granted insofar as Plaintiff, by his own admission, was an exempt employee and thus not subject to the overtime provisions of the Fair Labor Standards Act.

For all of the foregoing reasons, Defendant NES respectfully submits that the Court lacks jurisdiction over Counts III, IV and V of Plaintiff's First Amended Complaint and accordingly Motions this Court to dismiss Counts III, IV and V of Plaintiff's First Amended Complaint with prejudice.

## B. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### COUNT I – PLAINTIFF v. NES
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

Count I of Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff was exempt from the overtime provisions of FLSA. Plaintiff, by his own admission, was an EMS Manager at NES. (Pl. Amd. Comp. at ¶29, 30, 32). The Fair Labor Standards Act exempts any employee employed in a bona fide executive, administrative, or professional capacity from overtime pay. See, 29 U.S.C. §213(a)(1). In analyzing whether an employee is an exempt employee, the Courts apply the "short test." See, Goldman v. Radioshack Corporation, 2006 U.S. Dist. LEXIS 2433 (E.D.Pa. 2006). Under the short test, an employer must establish that the employee's primary duties were managerial duties and that the employee customarily supervised other employees. Managerial duties include such duties as selecting, training, setting schedules, directing and

planning work, determining the techniques to be used, and apportioning work. See, 29 C.F.R. §541.102(b). An employee who spends even less than half his time performing exempt work may still be exempt considering the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor. See, Id.

Additionally, federal regulations establish guidelines to determine whether an employee is an exempt administrative employee within the meaning of Section 213(a)(1) of the Federal Labor Standards Act. The guidelines specifically inquire as follows: (1) whether the employee is compensated on a salary basis of not less than $455 a week; (2) whether the employees primary duties are the performance of office work directly related to the management or general business operations; and (3) whether the employee's primary duty includes the exercise of discretion with respect to significant matters. 29 C.F.R. 541.200(a). Plaintiff's First Amended Complaint establishes that Plaintiff was paid on a salaried basis starting in 2008. (Pl. Amd. Comp. ¶29,30). Moreover, Plaintiff's First Amended Complaint establishes that Plaintiff's primary responsibilities as the EMS Manager included: (i) orienting new hires; (ii) scheduling all EMTs; (iii) tracking EMT certifications; (iv) processing payroll as well as third party billing. (Pl. Amd. Comp. ¶32). Scheduling and paying EMT employees indisputably directly relates to the general management and operations of NES. Put simply, if NES' EMTs are not scheduled and/or paid to work there can be little doubt that NES' business operations would be significantly hindered. As asserted by Plaintiff, Plaintiff performed many of the duties which qualify an employee to be classified as an exempt employee. See, Radioshack supra at 2433; see also 29 C.F.R. 541.200.

Instantly, it is undisputed that Plaintiff was a salaried employee who held a managerial title and also performed managerial and administrative work. Accordingly and as set forth in Plaintiff's First Amended Complaint, Plaintiff is exempt from the overtime pay provisions of the Fair Labor Standards Act. To the extent that Plaintiff asserts that he, at times, received straight time hourly pay in addition to his regular salary, NES submits such hourly rate pay far from makes Plaintiff a non-exempt employee and far from entitles Plaintiff to overtime pay. In fact, the federal regulations recognize that an employer may provide an exempt salaried employee with additional compensation without losing the exemption. 29 C.F.R. 541.604. The federal regulations further recognize that such additional compensation may be paid on any basis. 29 C.F.R. 541.602.

For all the foregoing reasons, Defendant NES therefore respectfully requests that this Honorable Court grant its motion to Dismiss Count I of Plaintiff's First Amended Complaint with prejudice.

## COUNT II – PLAINTIFF v. NES
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## RETALIATION

Under the Fair Labor Standard Act, it is "unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted any proceeding under or related to this chapter." See, 29 U.S.C. §215(a). The Courts apply the McDonnell-Douglas burden-shifting analysis to determine whether an employee has been discharged due to retaliation under FLSA. See, Walker v. Washbasket Wash & Dry, et al., 2001 U.S. Dist. LEXIS 9309 (E.D. Pa. 2001); citing, Harris v. Mercy Health Corp., 2000 U.S. Dist. LEXIS 11228 (E.D.Pa. Aug. 9, 2000). In order to assert a FLSA retaliation claim, the Plaintiff must establish that "(1) [he] was engaged in protected activity; (2) [his]

8

employment ...was terminated contemporaneously with this activity; and (3) there was a causal link between (1) and (2)." See, Id.

At best, Plaintiff's First Amended Complaint asserts that he complained to Defendant NES' prior Chief Operating Officer, Lori Ann Karusky[2], regarding Plaintiff's belief that Plaintiff was entitled to overtime pay under the FLSA. Accepting as true Plaintiff's assertion that he raised overtime pay concerns with Ms. Karusky, Plaintiff fails in any respect to connect such concerns with Plaintiff's ultimate March 2014 termination of employment. Accordingly, Plaintiff's First Amended Complaint fails to assert a cause of action for retaliation under the FLSA as there is simply no foundation in the Complaint to support a finding that Plaintiff's March 2014 termination was contemporaneous with Plaintiff's purported FLSA protected activity. Therefore, Moving Defendant NES respectfully requests this Honorable Court grant its Motion to Dismiss Count II with prejudice.

## COUNT III
## PLAINTIFF V. NES
## VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER LAW
## RETALIATION

Count III of Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) because the Pennsylvania Whistleblower Law is not applicable to private employers such as Moving Defendant NES.

The Pennsylvania Whistleblower Law does not apply to private employers. An "employer" is defined by the Pennsylvania Whistleblower Law as:

> [a] public body or any of the following which receives money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body: (1) an individual; (2) a partnership; (3) an association; (4) a corporation for profit; (5) a corporation not for profit.

---

[2] It is undisputed that Ms. Karusky passed away in February 2012.

9

See, 43 P.S. §1422. The Pennsylvania Whistleblower Law further defines a "public body" as:

> (1) A state officer, agency, department, division, bureau, board, commission, authority or other body in the executive branch of State government.
> (1.1) The General Assembly and its agencies.
> (2) A county, city, township, regional governing body, council, school district, special district or municipal corporation, or a board, department, commission, council or agency.
> (3) Any other body which is created by Commonwealth or political subdivision authority or which is funded in any amount by or through Commonwealth or political subdivision authority or a member or employee of that body.

Id.

While Plaintiff's Whistleblower argument is creative, it is baseless. Plaintiff alleges that Defendant Eagles Stadium Operator LLC which contracts with Defendant NES to provide services at Lincoln Financial Field which is partially owned by the City of Philadelphia makes NES subject to Pennsylvania Law. Plaintiff seeks to hinge its Whistleblower Law on the alleged fact that a public body, the City of Philadelphia, partially owns Lincoln Financial Field which is where Eagle Stadium Operator, LLC conducts business. In order to complete its creative chain, Plaintiff thereafter alleges that due to the contractual relationship between Eagles Stadium Operator, LLC and Defendant NES, NES should be subject to the Pennsylvania Whistleblower Law.

Plaintiff's whistleblower claim must be dismissed because NES is not an employer as defined by the Pennsylvania Whistleblower Law. It is undisputed that NES is not a public body or a corporation for profit which receives funds from a public body to perform services. It is further undisputed that Defendant NES does not contract with the aforementioned public body which the Plaintiff has creatively introduced in its complaint.

This Court has recognized that an employee of a private employer, such as Defendant NES, must set forth a sufficient nexus between the private employer and a public body, such as

10

the City of Philadelphia, in order to assert a valid cause of action against a private employer under the Pennsylvania Whistleblower Act. See, Britland v. ACS, Inc., 2004 U.S. Dist. LEXIS 13681 (E.D.Pa. 2004). Instantly, Plaintiff has not pled that any nexus, let alone a sufficient nexus, exists between Defendant NES and the City of Philadelphia in order to validly assert a claim against NES under the Pennsylvania Whistleblower Law. Accordingly, Defendant NES respectfully requests this Honorable Court grant Defendant's Motion to Dismiss Count III with prejudice.

## COUNT IV
## PLAINTIFF V. NES
## WRONGFUL TERMINATION – VIOLATION OF PUBLIC POLICY

It is well settled that an employer may terminate an at-will employee for any reason, with or without cause. See, Shick v. Shirley, 716 A.2d 1231, 1233 (Pa. 1993). However, there is an exception to this general rule which prohibits the termination of an at-will employee when such termination violates public policy. See, McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 287 (Pa. 2000). It is undisputed that Plaintiff was an at-will employee of Defendant NES and accordingly Plaintiff's Count IV attempts to assert a wrongful termination based on violation of public policy against Defendant NES.

In order to state a cause of action pursuant to the public policy exemption, an at-will employee must point to a violation of a "clear public policy articulated in the constitution, in legislation, an administrative regulation, or a judicial decision." Tanay v. Encore Healthcare, LLC et al., 2011 U.S. Dist. LEXIS 96716 (E.D. Pa. 2011); citing, Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 175 (Pa. Super. Ct. 1996). The Pennsylvania Supreme Court has long recognized and emphasized that the public policy exception is not to be liberally constructed. Id. Indeed, the exception has only been applied in limited situations which are as follows: (1) when

11

an employer requires an employee to commit a crime; (2) when an employer prevents an employee from complying with a statutorily implied duty; and (3) when an employer discharges an employee when it is specifically prohibited by statute. Id.

In the case at bar, the Plaintiff has alleged that he was wrongfully terminated in violation of public policy. However, Plaintiff has failed to state any facts in which the Court or any fact-finder could impute that the termination was in violation of public policy. Instead of asserting any instances in which Defendant NES required the Plaintiff to perform any illegal act, prevented Plaintiff from complying with a statutory duty, or discharged Plaintiff in contradiction to statutory law, the Plaintiff made convoluted arguments involving the action of Defendant Eagles as if the Eagles and NES were one in the same. In not one single paragraph of Count IV of the Plaintiff's First Amended Complaint does the Plaintiff allege an illegal act in violation of a public policy of the Commonwealth of Pennsylvania. Rather, the Plaintiff describes the demands of a third party which is neither the Moving Defendant nor the Plaintiff's employer.

At best, Plaintiff's First Amended Complaint refers to some unidentified "Pennsylvania Department of Health Protocols" in regard to the January 4, 2014 playoff game. Plaintiff's attempt to connect the events of the January 2014 Playoff game into Defendant NES' retroactive demand Plaintiff violate Department of Health Protocols defies all logic. Moving Defendant respectfully submits that the allegations in Plaintiff's Complaint fall far from establishing that Plaintiff's termination violated a clearly defined public policy articulated in the constitution, legislation or any other administrative regulation. Therefore Defendant NES respectfully requests this Honorable Court grant Defendant's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint with prejudice.

## COUNT V
## PLAINTIFF V. NES

## VIOLATION OF THE PENNSYLVANIA WAGE & PAYMENT COLLECTION ACT

Count V of Plaintiff's Complaint attempts to assert a cause of action against Defendant NES for violation of the Pennsylvania Wage and Payment Collection Act. The Pennsylvania Wage Payment and Collection Law requires that wages and benefits be paid within a short period of time after they wages are earned. Overtime wages may be considered as wages earned and payable in the next succeeding pay period. 43 P.S. §260.3(a). To the extent that Plaintiff's Wage and Payment Collection Act claim asserts that Plaintiff did not receive wages for overtime worked as an EMT Manager, Defendant NES incorporates the arguments set forth supra and submits that Plaintiff as an exempt employee was not entitled to overtime wages. Importantly at the time of Plaintiff's March 2014 termination, Plaintiff made no demand for additional wages from Defendant NES. Indeed, Defendant NES provided Plaintiff four weeks of severance pay after Plaintiff's March 2014 termination. Therefore Moving Defendant NES respectfully requests this Honorable Court grant Defendant's Motion to Dismiss Count V of Plaintiff's First Amended Complaint with prejudice.

## IV. CONCLUSION

WHEREFORE, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, Moving Defendant respectfully request that this Honorable Court dismiss Plaintiff's

First Amended Complaint with prejudice.

                Respectfully submitted,

                McNICHOL, BYRNE & MATLAWSKI, P.C.

By:      /s/ KSS4036

                Kelly S. Sullivan, Esquire
                J. Adam Matlawski, Esquire
                1223 N. Providence Rd.
                Media, PA 19063
                (610)565-4322
                Fax: (610)565-9531
                *Attorneys for Defendant,*
                *National Event Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CAREY <br> Plaintiff <br> v. <br> NATIONAL EVENT SERVICES, INC. <br> & <br> PHILADELPHIA EAGLES, LLC <br> Defendants | CIVIL ACTION <br><br> No. 2:14-cv-05006-MMB |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and Memorandum in Law in Support thereof was served upon counsel by electronic filing and regular mail on November 4, 2014.

Arthur D. Goldman, Esquire
P.O. Box 115
Paoli, PA 19301

Shawn M. Rodgers, Esquire
P.O. Box 552
Paoli, PA 19301

John E. Tyrell, Esquire
Francis P. Burns, Esquire
Ricci Tyrrell Johnson & Grey
1515 Market Street, Suite 700
Philadelphia, PA 19102

McNICHOL, BYRNE & MATLAWSKI, P.C.

By: _____/s/ KSS4036_____

Kelly S. Sullivan, Esquire
J. Adam Matlawski, Esquire
1223 N. Providence Rd.
Media, PA 19063
(610)565-4322
Fax: (610)565-9531
*Attorneys for Defendant,*
*National Event Services, Inc.*

15